IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
F I L E D
UNITED STATES DISTRICT COURT
   DENVER, COLORADO
     MAY -6 2024
   JEFFREY P. COLWELL
           CLERK
```

Civil Action No. _____
                  (To be supplied by the court)

UNITED STATES OF AMERICA,

v.

Leonard Cordova _____, Movant/Defendant.

### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
### PURSUANT TO 28 U.S.C. § 225.4

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

**A.   MOVANT/DEFENDANT INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Leonard Cordova; 96280-509; P.O. Box 3900, Adelanto
(Movant/Defendant's name, prisoner identification number, and complete mailing address)

CA. 92301; U.S.P. Victorville
_____

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Convicted and sentenced federal prisoner

_X__ Other: *(Please explain)* Convicted and Sentenced in State

B. **CONVICTION UNDER ATTACK**

Name of the court that entered the judgment of conviction: Pueblo County Combined Court, Pueblo, Colo.

Date the conviction was entered: November 17th, 2023

Case number: 21CR1387

Length and type of sentence: 5 year State Sentence / Consecutive

Are you serving any other sentence? _X_ Yes ___ No (*check one*)

Offense(s) you were convicted of committing: Second degree Assault / bodily Injury

What was your plea? guilty

Kind of trial: ___ Jury ___ Judge only (*check one*)

C. **DIRECT APPEAL**

Did you file a direct appeal? ___ Yes _X_ No (*check one*)

Date and result of direct appeal: N/A

Did you seek review in the United States Supreme Court? ___ Yes ___ No (*check one*)

Date and result of review in the United States Supreme Court: N/A

If you did not file a direct appeal, explain why: N/A

List the claims raised: N/A

2

## D.   POSTCONVICTION PROCEEDINGS

Have you initiated any other postconviction proceedings with respect to the judgment under attack in this motion? ___ Yes _X_ No (*check one*)

If the instant motion to vacate is a second or successive motion, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the motion? ___ Yes _X_ No (*check one*)

*Complete this section of the form if you have filed prior postconviction proceedings with respect to the judgment under attack in this motion. If you have initiated more than one prior proceeding, use additional paper to provide the requested information for each prior proceeding. Please indicate that additional paper is attached and label the additional pages regarding prior proceedings as "D. POSTCONVICTION PROCEEDINGS."*

Name and location of court:        NA

Type of proceeding:        NA

Date filed:        NA

Date and result:        NA

Did you appeal?        ___ Yes _X_ No (*check one*)

Date and result on appeal:        NA

## E.   STATEMENT OF CLAIMS

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claims. Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "E. STATEMENT OF CLAIMS."*

*WARNING: If you fail to assert all of your claims in this motion, you may be barred from presenting additional claims at a later date.*

3

CLAIM ONE: _Ineffective Assistance of Counsel._

Supporting facts: (See Attachment)

**F.   PROCEDURAL DEFAULT**

Did you raise on direct appeal any of the claims you are asserting in this motion?   ___ Yes  ✓ No (*check one*)

If you answered "Yes," state which claims were raised on direct appeal and explain why those claims are being raised again:

If you answered "No," explain why you did not raise your claims on direct appeal:

4

Ground: 1
   Ineffective Assistance of Counsel.

A. Attorney asked for more money, pressured Plea.

   Mr. Cordova's Attorney asked for more money, telling his mother he needed another 6,500 dollars to make his charges go away. Mr. Cordova's counsel had "financially coerced" him into pleading guilty because Mr. Cordova was unable to meet counsel's "unrelenting fee demands. Specifically, that counsel "asked for an additional 6,500 dollars, and expressed a clear lack of interest in fighting the case when Mr. Cordova advised him that he could not pay. At that point counsel would not answer his or his mothers phone calls. Or responde to the messages left by Mr. Cordova, and his mother to see what was going on

in his case. Mr. Cordova 1 week before his trial date, was transfered by writ, to Pueblo Colorado for his trial. From the United States Penitentiary Victorville, located in Adelanto California where he is serving a      year sentence.

Counsel only met with Mr. Cordova two times, for 5 to 10 minuets to go over plea, and his options. Counsel pressured Mr. Cordova into "accepting the prosecutors plea agreement in order to dispose of the case as quickly as possible". See United States v. Taylor, 139 F.3d. 924 (D.C. Cir. 1998)

Mr. Cordova's right to counsel was compromised by Conflict "Strickland, 466 U.S. at. 688." The right to conflict free representation extends to plea proceedings, including investigation and negotiation. Mr. Cordova's Attorney went as far as filing a motion, Sealing his case due to lack of payment untill financial obligations were met. Hindering him from getting his needed paper work.

Mr. Cordova is entitled to a presumption of prejudice, seeing that his lawyer 'actively represented conflicting interests.' An actual conflict of interest adversely affected his lawyers performance." Strickland, 466 U.S. at 692, 104 S. Ct. at. 2067

Mr. Cordova, met with his Attorney only one time prior, to his two meetings the week before his trial. Where he paid him 7,500. dollars. Talking to him briefly about his case. Mr. Cordova's daughter paid his Attorney another 3500, for a total of 11,000 dollars. Talking to Mr. Cordova for less than an hour total, about his case, plea agreement, and or trial preperation, With 9,000 Dollars remaining on the Balance of initial Agree-ment. Then his Attorney asking for, another 6,500 dollars, establishes that an actual conflict of interest existed and that it adversely affected counsuls performance. Cuyler v. Sullivan, 446 U.S. 335, 350. Thus Demonstrates prejudice

18 U.S.C. § 4082(a). "Attorney Misinformed Accused of Direct Consequences" See Hill v. Lockhart, 474 U.S. 52, 88 L. Ed 2d. 203, 106 S. Ct. 366 (1985).

Counsel Unprepared for Start of Trial.

As stated above, Mr. Cordova was transfered to Pueblo Colorad, 1 week before his trial. Mr. Cordova's Counsel filed no discovery motions; filed no pretrial motions on defensive issues; Mr. Cordovas Counsels ineffective pre-trial investigation and preperation Constitutes Ineffective assistance of Counsel. See Clark v. Blackburn, 619 F. 2d 431 (CA 5 1980) "Continuance not Sought to prepare for Trial" Tucker v. Prelesnik, 181 F. 3d. 747 (CA 6 1999) Counsel, unprepared, pressuring Mr Cordova to plea, when Mr. Cordova was ready to go to trial... Counsel.

The Sixth Amendment promises Mr. Cordova "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State, wherein the crime shall have been committed" U.S. Const Amdt 6.

For the Guilty or Innocent alike... The 6th Amendment also imposes on Counsel a duty to investigate, because reasonable effective assistance must be based on professional decisions and informed legal choices can be made only after investigation of options. The 6th Amendment recognizes the right to the assistance of Counsel because it envisions counsels playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure a fair trial, or plea agreement. For that reason the right

Attorney had ties with Victims Mother an family member.

Mr. Cordova's Attorney represented him under a Conflict of Interest, induced him to forego his Constitutional right to a trial by jury and pled guilty as a result of this Conflict of Interest. Mr. Cordovas Conflict arose out of his ties with the victims family, where his Attorney represented A man named Micheal Bueno, his Aunt Mrs. Crylne Bueno is the victims mother.

Mrs. Bueno was the only one going to the prosecutor in this case, as well as in his Federal Conviction pushing for Mr. Cordova's Conviction. As well as going to local News stations as well as the pueblo Chieftan News paper, in Pueblo Colorado. As well as meeting with Mr. Cordova's Attorney a few month's before Mr. Cordova's Sentencing.

After that point Mr. Cordova's Attorney, quit Answering his calls, from him, as well as from his family. As above stated only Spoke with Mr. Cordova, For Minute's to go

G.   **TIMELINESS OF MOTION**

*If the judgment of conviction or the sentence under attack became final more than one year prior to the filing of this motion, explain why the motion is not barred by the one-year limitation period in 28 U.S.C. § 2255(f). If additional space is needed, use extra paper to explain your answer. Please indicate that additional paper is attached and label the additional pages regarding timeliness as "G. TIMELINESS OF MOTION."*

NA

H.   **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "H. REQUEST FOR RELIEF."* Vacate Conviction

I.   **MOVANT/DEFENDANT'S SIGNATURE**

I declare under penalty of perjury that I am the movant/defendant in this action, that I have read this motion, and that the information in this motion is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this motion: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

_____
(Movant/Defendant's signature)

April, 24th, 2024
_____
(Date)

(Form Revised December 2017)

5

Leonard Cordova
#96280-509
U.S.P. Victorville
P.O. Box 3900
Adelanto CA. 92301

Clerk of the Court
U.S. Dist. Court; Colorado
901-19th st. Room A105
Denver Colorado 80294

